**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ABIGAIL CEMBER<br><br>**Plaintiff(s),**<br><br>v.<br><br>THE UNIVERSITY OF PENNSYLVANIA<br><br>**Defendant(s).** | **CIVIL ACTION**<br><br>**Case No.** 2:24-cv-06913 |

## <u>REPORT OF RULE 26(f) MEETING</u>

In accordance with Federal Rule of Civil Procedure 26(f) and this Court's Order Scheduling Hearing, counsel for the parties conferred and submit the following report of their meeting for the court's consideration:

### I.    <u>Basic Information</u>

Names of counsel for Plaintiff(s) who will participate in the Rule 16 Conference:
**Casey Green and Rachel Dennis**
**Sidkoff, Pincus & Green, P.C.**

Names of counsel for Defendant(s) who will participate in the Rule 16 Conference:
**Jeffrey A. Sturgeon**
**Paul Hastings LLP**

For each party, does counsel have full authority to settle this case at the Rule 16 Conference?

**Defense counsel has full authority. Plaintiff's counsel will have Plaintiff, Abigail Cember, available by phone for settlement authority.**

If not, list name(s) of any client or proxy with such authority who will either attend the conference or remain on call during the conference:

**Abigail Cember, Plaintiff**

Date parties held the Rule 26(f) Conference:
**February 27, 2025**

Please check off all that apply:

[ X ]    Jury Trial Requested                    [ ]    Non-Jury Trial Requested

[ ]    Magistrate referral requested            [ ]    Arbitration


## II.    Discussion of Claims, Defenses, Relevant Issues, and Likely Motions

Please specify the basis for federal jurisdiction in this case, and discuss whether the parties contest jurisdiction or venue. Briefly summarize the central claims and defenses—you can assume that the court is familiar with the pleadings. Importantly, parties should outline facts and issues necessary to understanding potential motions or discovery issues. **Parties should also attach critical documents to this report for the court to review ahead of the Rule 16 Conference**.

### A.  Jurisdiction and Venue

Basis of jurisdiction: **Federal Question (28 U.S.C. §1331) based on claims under federal statutes and Supplemental Jurisdiction (28 U.S.C. §1367(a)) for related claims under the Pennsylvania Human Relations Act, and Diversity Jurisdiction because the parties are citizens of different states and the amount in controversy exceeds the sum or value of $75,000 (28 U.S.C. §1332(a)(1)).**

Do the parties contest subject matter jurisdiction, personal jurisdiction, or venue?

**No.**

### B.  Claims

**Plaintiff claims that on or about November 6, 2023, Defendant rescinded Plaintiff's offer letter for a position with Defendant. Plaintiff claims that the recission of her offer letter was discrimination based on her disability in violation of the ADA and PHRA; that Defendant failed to accommodate her in violation of the ADA and PHRA; and that Defendant failed to engage in the interactive process in violation of the ADA and PHRA.**

### C.  Relief Requested and Amount in Controversy

**Plaintiff has pled relief for economic damages, compensatory damages for non-economic harm, punitive damages, interest, attorneys' fees and costs, and all other relief the Court deems appropriate.**

### D. Defenses

**Defendant has multiple factual and legal defenses to Plaintiff's claims. At the most basic threshold level for all of Plaintiff's claims of discrimination, Plaintiff's requested accommodation was not reasonable because it would require elimination of the position's key duties or require Defendant to hire a second person to complete those duties. It is well-settled law that employers are not required to eliminate essential job duties or create a new position in order to accommodate an employee. *Coleman v. Pa. State Police*, 561 Fed. Appx. 138, 146 (3d. Cir. 2014). Defendant also engaged in the interactive process with Plaintiff in an attempt to find an accommodation that would be sufficient for both parties, but Plaintiff disengaged from the interactive process. In sum, all of Plaintiff's claims lack merit factually and legally.**

### E. Amending Pleadings

Do the parties need a deadline to amend pleadings to add claims or additional parties?

**No.**

   If so, propose the earliest practicable filing date.

**N/A**

### F. Anticipated Motions

List all threshold motions and dispositive motions that each party has already filed or plans to file. For each motion, specify (1) the applicable Rule that forms the basis for the motion, and (2) summarize the issue.

**There are no pending motions. Depending upon the discovery record, Defendant intends to file a summary judgment motion under Rule 56.**

Proposed timeline for filing dispositive motions:

**30 days after the close of expert discovery.**

### III. <u>Discovery</u>

#### A. Informal Disclosure

Will initial disclosures listed in Rule 26(a)(1) be complete before the Rule 16 Conference?

**Yes.**

If not, list what is outstanding, and explain why:

**N/A**.

Have the parties formed any other agreements as to timing, form, and scope of informal disclosures *not required* in Rule 26(a)(1)?

**No.**

### B. Formal Discovery

The parties anticipate that discovery should be completed within **120** days of the Rule 16 Conference.

If the parties anticipate a discovery period exceeding 90 days past the Rule 16 conference date, please explain why:

**To allow time to obtain medical records in this disability discrimination case and to accommodate the respective schedules of counsel.**

Do the parties need to conduct discovery in phases to prepare for the filing of motions or for settlement discussions?

**No.**

If so, please propose deadlines for phases and what will be due at each phase:


Does either side anticipate the use of experts?
**Yes.**

If yes, what is the proposed deadline for expert discovery?[1]

**60 days after the close of fact discovery.**

Do the parties expect that they will need to depose any expert witnesses?
**Yes.**

Normally, the court expects all expert reports to be submitted simultaneously. If the parties propose to stagger the production of expert reports, please explain why:

---

[1] Note that Judge Scott's policies and procedures require that parties file all expert reports and CVs at least seven (7) days before a final pretrial conference.

Note that Judge Scott expects that the parties will reach an agreement on how to conduct electronic discovery. If the parties cannot reach an agreement before the Rule 16 scheduling conference, the court will enter an order incorporating default standards. The default order can be viewed at Judge Scott's Judge's Info webpage (link). The parties shall discuss the parameters of their anticipated e-discovery at the Rule 26(f) conference, and parties must come to the Rule 16 conference prepared to address e-discovery.

Please identify any other anticipated discovery issues that should be addressed at the Rule 16 Conference, including:

- ☐ claims of privilege or of protection as trial-preparation material, as required by Rule 26(f)(3)(D);
- ☐ limitations on discovery or protective orders needed; and
- ☐ any disputes regarding electronic discovery or agreements regarding electronic discovery that deviate from the court's standard order.

### IV.    **Settlement or Early Resolution**

The parties must familiarize themselves with Local Rule 53.3 before responding.

What is the outcome of the parties' discussions about early resolution through alternative dispute resolution (ADR) or mediation?

**Defendant is interested in exploring a settlement conference with the Magistrate Judge at the appropriate time after certain discovery is completed.**

**Plaintiff is similarly interested in exploring a settlement conference at the appropriate time. Furthermore, Plaintiff's counsel reached out to Defendant's counsel prior to filing the instant lawsuit to discuss a potential settlement prior to this Court's involvement. Defendant responded that it was not interested in countering Plaintiff's latest demand.**

What is the outcome of the parties' discussions about proceeding before a Magistrate Judge for final disposition?[2]

**The parties do not agree to a Magistrate Judge for final disposition.**

Is a settlement conference likely to be helpful?

**Yes, but only after certain discovery has been completed.**

---

[2] Magistrate Judges are authorized, with agreement of the parties, to try any civil case, jury or non-jury, with appeals filed directly with the Court of Appeals.

**V.**    <u>**Trial Date**</u>

A firm date will be scheduled at or shortly after the pre-trial conference. Please either list below or come to the Rule 16 Conference ready with any dates in the three (3) to nine (9) months following the Rule 16 Conference date that present irreversible scheduling conflicts for counsel or the parties. Irreversible scheduling conflicts include pre-paid vacation and planned medical or family leave.

**VI.**    <u>**Other Matters**</u>

Discuss any other matters not addressed above that parties would like to discuss at the Rule 16 Conference.

**No.**

*/s/ Jeffrey A. Sturgeon*_____
(Attorney Signature)


*/s/ Rachel Dennis*_____
(Attorney Signature)